On Beheabing.
jlLowelXi, J.
This case is on a rehearing, granted on the question of prescription. To solve this it is necessary to determine whether the account against the garnishees is an open account, and subject to the prescription of three years, or an account closed, and prescribed, as a personal debt, by ten years.
Prior to the act of March, 1852, (p. 90,) such accounts were prescribed by the lapse of ten years. This statute, after declaring that the accounts of retailers of certain articles, and those of all merchants, wholesale and retail, shall be prescribed by three years from the time the articles are furnished to the purchasers, provides, that “all other open accounts, the proscription of which is ten years under existing laws, shall be prescribed by three years.”
If the account, in this case, is an open account, it is prescribed, for three years elapsed before suit or other interruption. Its caption is: “In account current,” which is defined to be “a running or open account.” Bouvier, verbo, Account Current. But it contains a series of debits and credits for sometime, and a balance is struck and carried down, showing a specific sum in favor of the merchant. This, it is shown, was presented to the debtors.
“ The settlement of an account between the parties, by which a balance is struck in favor of one of them, is called an account stated. ” Bouvier, verbo, Account Stated.
At common law, ‘1 where an account has voluntarily been stated between partus, an action of assumpsit may be maintained thereon.” Id., verbo, Account, No. 9. 4 Dallos, 434. 2 Gr. Ev., $34-39. “The count upon an account stated, is supported by evidence of an acknowledgment, on the part of the defendant, of money due the plaintiff, upon an account between them.” “ The acknowledgment by the defendant that a certain *119 sum is clue, creates an implied promise to pay the amount.” “ The stating of the account is the consideration of the promise.” Id., verbo, Account Stated. There is a concurrence of minds upon an agreement to pay the amount stated. We can nowhere find where the law requires this settlement and acknowledgment on the part of the debtor to be in writing.
We are referred to two cases in our Reports, (Lafon’s Heirs v. His Executors, 3 N. S. 716, and Chevalier v. Hyams, 9 A. 484,) in which it is announced that a formal written recognition of the claim in a compié arrélé is requisite. Conceding these cases to be in point, the Court was giving the interpretation of the French text of the Code; while it is well settled that the English text must prevail. If a verbal acknowledgment be of any effect in law, we cannot see why that effect should be less than that of a written acknowledgment. The only difference, is as to the evidence to be adduced to prove the acknowledgment. Nor do we think the 985th Art. C. P., or the act of 1858 relating to written acknowledgments, applicable to this case, as the debt here was contracted by the parties themselves who are made garnishees, and not by a deceased or third person.
We have come to the conclusion that the account in this case, which has been rendered and acknowledged orally by the appellants, is no longer an open, but a closed, account, and is a personal debt, and prescribed by ten years.
It is therefore ordered that our former decree herein, be set aside, and the judgment of the District Court be affirmed, with costs.